UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X

HEALTH & WELFARE FUND OF THE UNITED FOOD
& COMMERCIAL WORKERS LOCAL 2013, AFL-CIO
BY ITS TRUSTEES LOUIS MARK CAROTENUTO
and STANLEY FLEISHMAN,

                               Plaintiff,

        -against-

WAVECREST HFA, INC. d/b/a WAVECREST
HOME FOR ADULTS,

                             Defendant.
————————————————————————X

**COMPLAINT**

CV-16-538

Plaintiff HEALTH & WELFARE FUND OF THE UNITED FOOD & COMMERCIAL

WORKERS LOCAL 2013, AFL-CIO BY ITS TRUSTEES LOUIS MARK CAROTENUTO and

STANLEY FLEISHMAN ("Plaintiff LOCAL 2013 WELFARE FUND"), by its attorneys, BRADY

McGUIRE & STEINBERG, P.C., for its Complaint, respectfully alleges:

1.      This is an action arising under the Employee Retirement Income Security Act of 1974, as

amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor Management Relations Act

of 1947, as amended, 29 U.S.C. § 185 et seq. ("LMRA") to compel an audit of the Defendant's payroll

records, to recover contributions owed to an employee fringe benefit trust fund and for the breach of the

terms and conditions of a collective bargaining agreement.

## JURISDICTION

2.      The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515

of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3.      Venue is properly laid in the Eastern District of New York pursuant to Section 502(e)(2)

of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301 of the LMRA, 29 U.S.C. § 185, in that, as shown

below Plaintiff LOCAL 2013 WELFARE FUND is administered from an office located in the County of Kings, State of New York.

## THE PARTIES

4.      Plaintiff LOCAL 2013 WELFARE FUND is a joint trustee fund established by a trust indenture pursuant to Section 302 of the LMRA, 29 U.S.C. § 186.  The Trustees of the LOCAL 2013 WELFARE FUND maintain the subject plan at an office located at 9235 Fourth Avenue, Brooklyn, New York.

5.      LOUIS MARK CAROTENUTO and STANLEY FLEISHMAN are Trustees of Plaintiff LOCAL 2013 WELFARE FUND and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.      Plaintiff LOCAL 2013 WELFARE FUND is an employee health benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical benefits to eligible participants.

7.      Plaintiff LOCAL 2013 WELFARE FUND constitutes a multi-employer/employee benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

8.      Upon information and belief, Defendant WAVECREST HFA, INC. d/b/a WAVECREST HOME FOR ADULTS ("WAVECREST") was and still is a New York corporation with its principal place of business located at 242 Beach 20th Street, Far Rockaway, New York.

9.      Upon information and belief, Defendant WAVECREST was and still is a foreign corporation duly licensed to do business in the State of New York.

10.     Upon information and belief, Defendant WAVECREST was and still is a foreign corporation doing business in the State of New York.

11.     Upon information and belief, Defendant WAVECREST is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

### AS AND FOR A FIRST CAUSE OF ACTION
### (AUDIT DEMAND)

12.     Plaintiff LOCAL 2013 WELFARE FUND repeats and realleges each and every paragraph of the Complaint numbered 1 through 11 inclusive with the same force and effect as though more fully set forth at length herein.

13.     At all times relevant hereto, Defendant WAVECREST agreed to be bound by the terms and conditions of a collective bargaining agreement with United Food & Commercial Workers Local 2013, AFL-CIO ("Local 2013") (hereinafter referred to as the "Collective Bargaining Agreement").

14.     Local 2013 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq., having its principal office for the transaction of business located at 9235 Fourth Avenue, Brooklyn, New York and was formerly known as Local 348-S of the United Food & Commercial Workers, AFL-CIO.

15.     In accordance with the Collective Bargaining Agreement and the Trust Agreement establishing Plaintiff LOCAL 2013 WELFARE FUND, Defendant WAVECREST is required to remit payment of an agreed upon monthly amount in fringe benefit contributions to said Plaintiff for each employee covered by the Collective Bargaining Agreement.

16.     Pursuant to the terms of the Trust Agreement establishing Plaintiff LOCAL 2013 WELFARE FUND as explicitly referenced in the Collective Bargaining Agreement along with ERISA, said Plaintiff is entitled to an audit of the books and records of Defendant WAVECREST.

17.     In pertinent part, the Collective Bargaining Agreement states:

The Welfare Fund has been created and maintained pursuant to an Agreement & Declaration of Trust ("Trust"). Said Trust is hereby made a part of this Agreement with the same force and effect as if fully incorporated herein. The Employer and Union hereby agree that upon the execution of this Agreement, they shall be deemed parties to the Trust.

18.     In pertinent part, the Trust Agreement establishing Plaintiff LOCAL 2013 WELFARE FUND states:

Each Employer shall promptly furnish to the Trustees, on demand, the names of his Employees, their Social Security Numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Fund and for no other purpose. The Trustees may, by their respective representatives, examine and audit the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Fund.

19.     Upon information and belief, Defendant WAVECREST may have underreported the number of employees, the amount of employee hours worked, wages paid to its employees and the contributions therefore due to Plaintiff LOCAL 2013 WELFARE FUND for the period of January 1, 2011 through December 31, 2012.

20.     Although Plaintiff LOCAL 2013 WELFARE FUND formally requested the production of the payroll records, to date, Defendant WAVECREST has refused to cooperate with an audit and Plaintiff LOCAL 2013 WELFARE FUND therefore demands an audit of the books and records of Defendant WAVECREST for the period of January 1, 2011 through December 31, 2012.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

21.     Plaintiff LOCAL 2013 WELFARE FUND repeats and realleges each and every paragraph of the Complaint numbered 1 through 20 inclusive with the same force and effect as though more fully set forth at length herein.

22.     Upon information and belief, Defendant WAVECREST has failed to provide the contractually required fringe benefit contributions for the period of January 1, 2011 through December 31, 2012 in the approximate amount of $50,000.00.

23.     Despite repeated efforts by Plaintiff LOCAL 2013 WELFARE FUND to collect the contributions owed, Defendant WAVECREST remains delinquent in making the proper contribution payments to said Plaintiff.

24.     Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Collective Bargaining Agreement by Defendant WAVECREST, said Defendant is liable to Plaintiff LOCAL 2013 WELFARE FUND in the amount of $50,000.00, along with the costs of the audit.

## AS AND FOR A THIRD CAUSE OF ACTION
### (BREACH OF ERISA OBLIGATIONS)

25.     Plaintiff LOCAL 2013 WELFARE FUND repeats and realleges each and every paragraph of the Complaint numbered 1 through 24 inclusive with the same force and effect as though more fully set forth at length herein.

26.     The failure of Defendant WAVECREST to remit the required fringe benefit contribution payments to Plaintiff LOCAL 2013 WELFARE FUND for the period of January 1, 2011 through December 31, 2012 in the approximate amount of $50,000.00 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

27.     Despite repeated efforts by Plaintiff LOCAL 2013 WELFARE FUND to collect the contributions owed, Defendant WAVECREST remains delinquent in making the proper contribution payments to said Plaintiff.

28.     Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds:

(a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) liquidated damages; (d) reasonable attorneys' fees; and (e) costs and disbursements, including the cost of the audit.

29.     Accordingly, as a direct and proximate result of the breach of the Collective Bargaining Agreement by Defendant WAVECREST and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, said Defendant is liable to Plaintiff LOCAL 2013 WELFARE FUND in the amount of $50,000.00, together with accumulated interest on the unpaid fringe benefit contributions, liquidated damages, reasonable attorneys' fees, along with the costs and disbursements, including the cost of performing the audit, all incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE**, Plaintiff demands judgment on the First Cause of Action as follows:

1.     An Order requiring Defendant WAVECREST HFA, INC. d/b/a WAVECREST HOME FOR ADULTS to submit all books and records to Plaintiff LOCAL 2013 WELFARE FUND for audit in accordance with the terms of the Collective Bargaining Agreement and Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E) for the period of January 1, 2011 through December 31, 2012 with the cost thereof to be the responsibility of said Defendant; and

**WHEREFORE**, Plaintiff demands judgment on the Second Cause of Action as follows:

1.     Of Defendant WAVECREST HFA, INC. d/b/a WAVECREST HOME FOR ADULTS in the amount of contributions determined to be due and owing to Plaintiff LOCAL 2013 WELFARE FUND in the amount of $50,000.00, plus any additional monies that may be determined to become justly due and owing to said Plaintiff during the pendency of this action and before final judgment.

**WHEREFORE**, Plaintiff demands judgment on the Third Cause of Action as follows:

1.      Of Defendant WAVECREST HFA, INC. d/b/a WAVECREST HOME FOR ADULTS in the amount of contributions determined to be due and owing to Plaintiff LOCAL 2013 WELFARE FUND in the amount of $50,000.00, plus any additional monies that may be determined to become justly due and owing to said Plaintiff during the pendency of this action and before final judgment, together with:

a.      Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

b.      Statutory or liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

c.      Attorneys' fees, audit costs, along with the costs and disbursements of this action in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

d.      Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
       February 2, 2016

                            Yours, etc.

                            BRADY McGUIRE & STEINBERG, P.C.

                    By:     James M. Steinberg (JS-3515)
                            Attorneys for Plaintiff
                            U.F.C.W. Local 2013 Health & Welfare Fund
                            303 South Broadway, Suite 234
                            Tarrytown, New York 10591
                            (914) 478-4293